**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| CX REINSURANCE COMPANY LIMITED, f/k/a CNA REINSURANCE COMPANY LIMITED | * * * |
| Plaintiff, | * |
| v. | Case No.: GJH-18-2355 |
| | * |
| DEVON S. JOHNSON, | * |
| Defendant. | |
| | * |

* * * * * * * * * * * * *

| | |
|---|---|
| | * |
| CX REINSURANCE COMPANY LIMITED, f/k/a CNA REINSURANCE COMPANY LIMITED | * * * |
| Plaintiff, | * |
| v. | Case No.: JKB-18-2960 |
| | * |
| CHAUNCEY LILES, | * |
| Defendant. | |
| | * |

* * * * * * * * * * * * *

| | |
|---|---|
| | * |
| CX REINSURANCE COMPANY LIMITED, f/k/a CNA REINSURANCE COMPANY LIMITED | * * * |
| Plaintiff, | * |
| v. | Case No.: JKB-18-2962 |
| | * |
| SHYLIYAH STREETER, | * |
| Defendant. | |
| | * |

* * * * * * * * * * * * *

| DEVON S. JOHNSON, | * | |
|---|---|---|
| Plaintiff, | * | |
| v. | | Case No.: ELH-18-3247 |
| | * | |
| CX REINSURANCE COMPANY LIMITED, f/k/a CNA REINSURANCE COMPANY LIMITED, | * | |
| | * | |
| Defendant. | | |
| | * | |

* * * * * * * * * * * * *

| | * | |
|---|---|---|
| SHYLIYAH STREETER, | * | |
| Plaintiff, | * | |
| v. | | Case No.: DKC-19-416 |
| | * | |
| CX REINSURANCE COMPANY LIMITED, f/k/a CNA REINSURANCE COMPANY LIMITED, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

* * * * * * * * * * * * *

| | * | |
|---|---|---|
| CHAUNCEY LILES, | * | |
| Plaintiff, | * | |
| v. | | Case No.: RDB-19-417 |
| | * | |
| CX REINSURANCE COMPANY LIMITED, f/k/a CNA REINSURANCE COMPANY LIMITED, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Pending before the Court is a Joint Motion for Consolidation of the six above-listed actions being litigated in the United States District Court for the District of Maryland. Each of the six cases seek a determination of the extent of CX Reinsurance Company Ltd. f/k/a CNA Reinsurance Company Ltd.'s ("CXRe") obligations to indemnify its insureds as to lead-paint judgments held by the individual parties. The parties jointly request that the cases be consolidated with Judge Hollander as the presiding judge. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). The Joint Motion, ECF No. 24, shall be granted in part and denied in part.

## I. BACKGROUND

On October 17, 2014, Defendant Devon S. Johnson sued Benjamin Kirson in the Circuit Court for Baltimore City, seeking damages for injuries resulting from Johnson's lead paint exposure at a Kirson-owned property insured by CXRe. ECF No. 1 ¶ 18. The Baltimore court entered judgment against Kirson in the amount of $1,173,000. *Id*. ¶ 20. Plaintiff CXRe filed this lawsuit on July 31, 2018 against Defendant Johnson, seeking a declaration of the parties' rights and obligations under the insurance contracts it issued to Kirson. ECF No. 1 ¶¶ 1-3. Specifically, Plaintiff contends that it is responsible only for the portion of the judgment incurred under the terms of the policy in effect from August 1, 1998 to August 1, 1999, as that is the period in which Johnson was first diagnosed with an unsafe level of lead in his blood. *Id*. ¶¶ 16-17, 21-22. According to CXRe, this allocation makes it responsible for only 12/26ths (twelve of the twenty-six months Johnson resided at the property with lead paint) of the judgment. *Id*. ¶ 31.

Plaintiff has filed two other cases in this Court presenting similar factual situations. *See CX Re v. Liles* (No. 18-2960); *CX Re v. Streeter* (No. 18-2962). In *Liles*, CXRe is also seeking a declaratory judgment as to its obligations to indemnify an insured property owner against whom

the defendant secured a judgment due to exposure to lead paint. There, too, CXRe claims it is only responsible for one year's worth of the exposure under the terms of the contract—the year in which Liles was first diagnosed with an unsafe level of lead in his blood. The same questions are at issue in *Streeter*. The *Liles* judgement was secured against Stanley Sugarman and Ivy Realty, Inc., both CXRe insureds under the same policies. The *Streeter* judgment was also secured against Sugarman.

Meanwhile, Johnson, Liles, and Streeter all commenced separate actions against CXRe in the Circuit Court for Baltimore City, Maryland.[1] CXRe removed all three actions to federal court. *See Johnson v. CX Re* (No. 18-3247); *Streeter v. CX Re* (No. 19-416); *Liles v. CX Re* (No. 19-417). The parties then filed the instant joint motion to consolidate the six actions.

## II. DISCUSSION

Federal Rule of Civil Procedure 42 allows a court to consolidate separate actions if the actions "involve a common question of law or fact." Though a district court has "broad discretion" to determine whether to consolidate separate actions under Rule 42, *see Rivera v. Mo's Fisherman Exchange, Inc.*, No. ELH-15-1427, 2018 WL 513531, at *2 (D. Md. 2018), the court must:

> determine 'whether the specific risks of prejudice and possible confusion' from consolidation 'were overborne by the risk of inconsistent adjudications . . . the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

---

[1] Streeter and Liles have each also named Liberty Mutual Mid-Atlantic Insurance Company, f/k/a Merchants & Business Men's Mutual Insurance Company as a Defendant. They allege that the CXRe policy at issue here reinsures Liberty Mutual for all loss and expense incurred under its policy. *See* No. 19-417, ECF No. 1-3 ¶ 19; No. 19-416, ECF No. 1-3 ¶ 17.

*Campbell v. Boston Scientific Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (citing *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982)). A court may choose to consolidate for trial, but may also consolidate cases only "'in their pretrial stage' as 'a desirable administrative technique.'" *Rivera*, 2018 WL 513531, at *2.

Here, the six cases share common questions of both law and fact. The three removed cases are mirrors of the three cases filed by CXRe in federal court; each case seeks a determination of CXRe's obligations as to the same three individuals. Each of the individuals hold judgments against CXRe insureds. Each of the individuals was exposed to lead paint in a property owned or operated by a CXRe insured, the period of exposure was broader than a single insurance policy period, and a doctor first diagnosed each individual with unsafe levels of lead during one of the insurance policy periods. Each insurance policy contains similarly worded operative phrases. Therefore, each case requires a determination of how, under Maryland law, an insurance company's obligation to indemnify a judgment is allocated in factual circumstances without any legally meaningful distinctions. Inconsistent adjudications of these questions could leave insurers and insureds alike uncertain of their risks and obligations under Maryland law.

The court can identify no risk of prejudice or confusion from consolidation, and the parties have jointly moved for this consolidation. Furthermore, the efficient use of judicial and private resources to litigate these six actions would best be served by consolidation. The individual parties in this case are all represented by three attorneys from the same law firm. CXRe is represented in all three suits by another two firms. Because the cases share common questions of law and fact, no party would be prejudiced, and it will best serve the interests of judicial economy, the cases will be consolidated for all purposes.

However, while the cases will be consolidated, the Court will not defer to the parties' stated preference that the Court consolidate these cases before Judge Hollander. Under this Court's protocols, the lead case will be the first of the consolidated cases filed, which is No. GJH-18-2355. Thus, I will preside over the consolidated actions.

### III. CONCLUSION

The Joint Motion to Consolidate, ECF No. 24, is granted in part and denied in part. A separate Order shall issue.


Date: <u>April 25, 2019</u>　　　　　　　　　　　　　<u>　/s/　　　　　　　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge